IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–02097–KMT

JACQUELINE BARNETT,

    Plaintiff,

v.

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendant.

## ORDER

This matter is before the court on "Plaintiff's Motion to Remand" (Doc. No. 2, filed Sept. 23, 2015). Defendant did not file a response.

Plaintiff filed her Complaint in the Arapahoe County District Court on September 1, 2015, seeking damages for breach of contract, common law bad faith, and violations of Colo. Rev. Stat. §§ 10-3-1115 and 1116. (*See* Doc. Nos. 1-4 & 1-5.) When Plaintiff commenced the Arapahoe County District Court action, she filed a Civil Cover Sheet as required by C.R.C.P. 8(a). (Doc. No. 1-6.) On the Civil Cover Sheet, Plaintiff checked the box which states, "A monetary judgment over $100,000 is sought by any party against any other single party." (*Id.* at 2.)

Defendant filed a Notice of Removal in which it invokes the Court's jurisdiction pursuant to the federal diversity jurisdiction statute, 28 U.S.C. § 1332. (Doc. No. 1, ¶ 5.) In the Notice of Removal, Defendant claims this Court may exercise diversity jurisdiction because the parties are

diverse, because Plaintiff's Civil Cover Sheet stating that she is seeking a monetary judgment for more than $100,000 satisfies the amount in controversy requirement of § 1332, and because Plaintiff, prior to filing her case in Arapahoe County District Court, demanded over $77,000 in past and future medical expenses. (*Id.*, ¶ 7.)

Federal district courts are courts of limited jurisdiction, and must have both a constitutional and statutory basis for exercising jurisdiction. *See Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006); *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004). One statutory basis for federal court jurisdiction in civil cases is § 1332, pursuant to which a court exercises "diversity jurisdiction" over state law claims. This statute provides, in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States[.]" § 1332(a). When a case satisfying these criteria is commenced in a state court, the defendant may move the action to federal court by filing a notice of removal. *See* 28 U.S.C. §§ 1441(a) & 1446. However, statutes which confer federal court jurisdiction—particularly removal statutes— are to be narrowly construed so as to preserve the limited role of federal courts. *See Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005).

For purposes of diversity jurisdiction, in removed cases the amount in controversy must be evident from the allegations of either the complaint or the notice of removal. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). In a removed case, there is a strong presumption that the plaintiff has not claimed a large enough amount to confer jurisdiction. *See St. Paul Mercury Indem. Co.*

*v. Red Cab Co.*, 303 U.S. 283, 290–92 (1938).  Thus, there is a strong presumption against removal.  *See Martin*, 251 F.3d at 1289.  When it "appears" that a district court lacks subject matter jurisdiction, it is required to remand the case to state court.  28 U.S.C. § 1447(c).

The "amount in controversy" is measured by the value of the object of the litigation.  *See Lovell*, 466 F.3d at 897 (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).  The monetary relief requested by a plaintiff is not necessarily the amount in controversy for purposes of 28 U.S.C. § 1332(a).  As is evident by the language of the statute itself, the amount in controversy does not include an anticipated award of interest and costs in the action.  28 U.S.C. § 1332(a); *see Farmers Ins. Co., Inc. v. McClain*, 603 F.2d 821, 823 (10th Cir. 1979).

In this case, to the extent Defendant relies upon the Civil Cover Sheet as a demonstration of the amount in controversy, such reliance is not permissible.  *Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1215 (D. Colo. 2007).  To the extent Defendant relies on Plaintiff's demand for payment prior to filing her case, a plaintiff's demand may be relevant " 'of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.' " *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2013) (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir.2002).  Moreover, " 'it is permissible for a district court to consider settlement offers when deciding the jurisdictional question.'" *McPhail*, 529 F.3d at 956 (quoting *Cohn*, 281 F.3d at n.3 & Fed. R. Evid. 408).  "[D]ocuments that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal." *McPhail*, 529 F.3d at 956.  However, in this case, Defendant has not provided any documents that demonstrate Plaintiff's estimation of its claim.  *Cf.* 529 F.3d at 956 (emails and letters

included in notice of removal showing that the defendant's counsel had a conversation with the plaintiff's counsel that included a discussion of the value of the claim were sufficient to support diversity jurisdiction).

Plaintiff's Complaint does not quantify the amount of damages requested, and the Notice of Removal is insufficient to demonstrate that the amount in controversy exceeds $75,000. Guided by the strong presumption against removal of civil actions to federal court based upon diversity jurisdiction, and it appearing that the Court lacks subject matter jurisdiction over this action, the action must be remanded to the State Court.  *See* 28 U.S.C. § 1447(c).

It is therefore

**ORDERED** that "Plaintiff's Motion to Remand" (Doc. No. 2) is **GRANTED**.  The Clerk of Court is directed to **REMAND** this action to the Arapahoe County District Court.

DATED this 9th day of December, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge